40 N.J. Super. 271 (1956)
123 A.2d 53
ARTHUR HOCHBERG, HANNA HOCHBERG, BERNARD ISAACSON, LEE ISAACSON, WILLIAM M. WAGNER, HENRIETTA WAGNER, CARL J. STEINMETZ, ANNA M. STEINMETZ, FRANK A. WITBECK, ALICE M. WITBECK, SIDNEY W. REID, MARY B. REID AND ANNA S. COLE, PLAINTIFFS-RESPONDENTS,
v.
BOARD OF ADJUSTMENT OF THE BOROUGH OF FREEHOLD, WALTER J. SCHIVEREA AND FREEHOLD RACING ASSOCIATION, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued April 23, 1956.
Decided May 17, 1956.
*272 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Robert V. Carton argued the cause for plaintiffs-respondents (Messrs. Durand, Ivins & Carton, attorneys).
Mr. John J. Clancy argued the cause for defendants-appellants (Messrs. Clancy & Hayden, attorneys).
The opinion of the court was delivered by CLAPP, S.J.A.D.
This is an appeal from a judgment of the Superior Court, Law Division, setting aside a variance granted by the Board of Adjustment of the Borough of Freehold. The present action and the related facts are referred to in an opinion, Hochberg v. Borough of Freehold, 40 N.J. Super. 276 (App. Div. 1956), filed herewith.
The question now before us arises under N.J.S.A. 40:55-39(c), as it stood prior to L. 1953, c. 288. Under this statute a board of adjustment was authorized to grant a variance where, by reason of some extraordinary and exceptional condition of the piece of property involved, the strict application of the zoning ordinance would result in exceptional and undue hardship. We agree with the trial court that the determination of the board here clearly exceed the authority conferred upon it. As the court said *273 in Gerkin v. Village of Ridgewood, 17 N.J. Super. 472, 479 (App. Div. 1952),
"It seems clear to us that a landowner in a strictly residential district who is permitted to operate a nonconforming business under R.S. 40:55-48 may not thereafter increase his business and then assert hardship as the basis of a variance permitting the installation of new facilities required as the result of the increased business."
See further Beirn v. Morris, 14 N.J. 529, 535 (1954).
Moreover, the variance amounted to an extension of a non-conforming use. In Ranney v. Istituto Pontificio Delle Maestre Filippini, 20 N.J. 189, 200 (1955), the Supreme Court has reiterated what it has said before:
"`* * * a board of adjustment * * * is governed by the spirit of the Zoning Act which "has been to restrict rather than to increase non-conforming uses, and authority to vary the application of the general regulation should be sparingly exercised."'"
We think further discussion of the facts here is unnecessary.
Affirmed.